UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRACI STEVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>BROWN BUS COMPANY and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. 1:21-cv-00411-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

On January 22, 2022, Plaintiff Traci Stevens's attorney of record, Greg Chaney, filed a Motion to Withdraw as Counsel. Dkt. 16. On March 2, 2022, the Court granted the Motion. Dkt. 17.

In its order, the Court outlined that Chaney would be granted leave to withdraw "from the date Proof of Service of this Order [the order to withdraw] is filed with th[e] Court." *Id.* at 2. The Court also stated that Stevens would have "21 days from the date of service or mailing of a copy of this Order" to appoint another attorney and that the case would be stayed during that timeframe. *Id*. Finally, the Court warned Stevens that failure to appear within the ordered 21-day timeframe could result in "dismissal of the action . . . with prejudice and without further notice." *Id.* All these provisions are derived from District of Idaho Local Civil Rule 83.6(c).

On April 15, 2022, Defendant Brown Bus Company, LLC, filed a Motion to Dismiss. Dkt. 18. Defendant noted that Stevens had not appeared via new counsel as

directed by the Court and, therefore, dismissal was appropriate. *Id*. at 2.

On May 12, 2022, the Court issued an order noting that while Defendant was correct that Stevens had not appeared, Cheney had not ever officially filed proof of service of the Court's withdraw order as directed. It is that act that triggers the 21-day time period for a new appearance. Dkt. 19. In light of this oversight, the Court ordered Cheney to immediately "file proof of service or an affidavit indicating when it served the Court's order on Plaintiff." *Id*.

On May 24, 2022, Cheney filed an affidavit explaining that his office sent Stevens a copy of the Court's Order on May 16, 2022. Dkt. 20.

Of note, while service was effected on May 16, 2022, the *proof of service* was not filed until May 24, 2022. Thus, under Local Rule 83.6(c)(2), the 21-day period began on May 24, 2022.

Pursuant to Federal Rule of Civil Procedure 6, Stevens's 21 days ran on June 14, 2022. Stevens did not appear by June 14. The Court has waited an additional 10 days out of an abundance of caution (e.g. mail delays) but Stevens still has not appeared.

Substantively, the Court assumes Stevens has known of her Counsel's intention to withdraw since late January 2022. And while there were some procedural flaws, the Court also finds that the elements of Local Rule 83.6(c) regarding notice and service have been satisfied. Said differently, any way the time is calculated, Stevens has had ample time to retain new counsel.

In sum, Stevens failed to retain counsel as directed. Therefore, in accordance with the Court's prior warning (Dkt. 17, at 2) and Local Rule 83.6(c)(2),

MEMORANDUM DECISION AND ORDER – 2

IT IS HEREBY ORDERED:

1. Defendant's Motion to Dismiss (Dkt. 18) is GRANTED.

2. This case is DISMISSED with PREJUDICE and CLOSED.

DATED: June 23, 2022

_____
David C. Nye
Chief U.S. District Court Judge